IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| THE HONORABLE<br>CHARLES G. BERNSTEIN<br>111 North Calvert Street<br>Baltimore, Maryland 21202 | * | |
| | * | |
| Plaintiff | * | Civil Action No. _____ |
| | * | |
| v. | * | |
| THE STATE OF MARYLAND | * | |
| Serve On:<br>Douglas F. Gansler,<br>  Attorney General of Maryland<br>200 St. Paul Place<br>Baltimore, Maryland 21202 | * | |
| | * | |
| and | * | |
| THE HONORABLE MARTIN J. O'MALLEY<br>In his Official Capacity as<br>Governor of the State of Maryland<br>100 State Circle<br>Annapolis, Maryland 21401 | * | |
| | * | |
| and | * | |

{09399\0\00637233.DOCv2 }

THE MARYLAND GENERAL ASSEMBLY    *
90 State Circle
Annapolis, Maryland 21401                 *

    Serve On:                              *
    Dan A. Friedman,
      Assistant Attorney General    *
    90 State Circle
    Annapolis, Maryland 21401      *

Defendants                        *

*   *   *   *   *   *   *   *   *   *   *   *   *

## COMPLAINT

## INTRODUCTION

1. Plaintiff, the Honorable Charles G. Bernstein ("Judge Bernstein"), serves as an Associate Judge of the Circuit Court for Baltimore City. He began serving by appointment on October 10, 2006, and was elected to a 15-year term on November 4, 2008.

2. On December 29, 2009, Judge Bernstein will turn 70, and the Maryland Constitution will retire him by operation of law. The constitution provides that a judge "shall hold his office for the term of fifteen years from the time of his election, and until his successor is elected and qualified, or until he shall have attained the age of seventy years." Md. Const. Art. IV, § 3. Thus, judges who attain the age of 70 while in office are automatically retired.

3.      While ostensibly for the purpose of maintaining a vigorous judiciary, Md. Const. Art. IV, § 3 forces competent, duly elected judges such as Judge Bernstein out of office before the natural expiration of their terms because those judges "attain[] the age of seventy" while in office.  Other, older judges, who are elected, or, arguably, appointed, after turning 70, may nonetheless serve out their full terms because they will not "attain[] the age of seventy" while in office.  Thus, purely as a consequence of turning 70 while in judicial office, certain judges lose their elected position, their salaries and their benefits because they are "too old" and "not vigorous," while older judges are allowed to serve out their full terms and accrue the attendant benefits.

4.      Consequently, Judge Bernstein seeks a declaration from this Court that: (a) Md. Const. Art. IV, § 3 creates an age-based distinction between different classes of judges; and (b) the distinction thus created is unconstitutional because it distinguishes irrationally between two classes in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

5.      Judge Bernstein also seeks injunctive relief prohibiting each defendant and their respective agents from enforcing Md. Const. Art. IV, § 3 to effect his removal from judicial office, and prohibiting each defendant and their respective agents from preventing Judge Bernstein's participation in Maryland's judicial benefit plans.

## JURISDICTION AND VENUE

6. This is an action for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 1983.

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

9. Judge Bernstein, a resident of Baltimore City, Maryland, is a duly elected Associate Judge of the Circuit Court for Baltimore City. Judge Bernstein was first appointed to the bench on October 10, 2006, and later elected to a 15-year term on November 4, 2008. He will turn 70 years old on December 29, 2009.

10. Defendant the State of Maryland ("the State") is a sovereign state with its capital located in Annapolis.

11. Defendant Governor Martin J. O'Malley ("Governor O'Malley") is the Governor of Maryland. As such, he is the chief executive officer of the State's government and responsible for enforcing the State's constitution and laws.

12. Defendant the General Assembly of Maryland ("the General Assembly") is the legislative body of the State. As such, it is responsible for approving constitutional amendments for subsequent ratification by Maryland voters.

## THE CONSTITUTIONAL PROVISION

13. The General Assembly approved what is now Article IV, Section 3 of the Maryland Constitution on June 1, 1931, and the voters of Maryland ratified its addition to the Maryland Constitution on November 8, 1932.

14. Article IV, Section 3 states:

> Except for Judges of the District Court, the Judges of the several Courts other than the Court of Appeals or any intermediate courts of appeal shall, subject to the provisions of Section 5 of this Article of the Constitution, be elected in Baltimore City and in each county, by the qualified voters of the city and of each county, respectively, all of the said Judges to be elected at the general election to be held on the Tuesday after the first Monday in November, as now provided for in the Constitution. Each of the said Judges shall hold his office for the term of fifteen years from the time of his election, and until his successor is elected and qualified, or until he shall have attained the age of seventy years, whichever may first happen, and be re-eligible thereto until he shall have attained the age of seventy years, and not after. In case of the inability of any of said Judges to discharge his duties with efficiency, by reason of continued sickness, or of physical or mental infirmity, it shall be in the power of the General Assembly, two-thirds of the members of each House concurring, with the approval of the Governor to retire said Judge from office.

15. Specifically, Article IV, Section 3 provides that a judge may only continue in office "until he shall have attained the age of seventy years."

5

## FACTS

16. Before 1932, many Maryland judges continued in office after turning 70 years of age, and all Maryland judges had the legal capacity to continue after 70.

17. On June 1, 1931, the General Assembly approved an amendment constituting the current Article IV, Section 3 of the Maryland Constitution, which Maryland voters ratified on November 8, 1932.

18. Since 1932, Md. Const. Art. IV, § 3 has automatically retired judges who have "attained the age of seventy years" while in office.

19. On October 10, 2006, then Governor Robert Ehrlich appointed Judge Bernstein to an Associate Judgeship of the Circuit Court for Baltimore City. Judge Bernstein was later elected to a 15-year term on November 4, 2008.

20. Judge Bernstein was 66 years of age when he was appointed to the bench, and was 68 years of age when Maryland voters elected him to a 15-year term.

21. Judge Bernstein's 15-year term does not expire until November 4, 2023.

22. Nonetheless, on December 29, 2009 – when Judge Bernstein turns 70 years of age and almost 14 years before the natural expiration of his elected term – Md. Const. Art. IV, § 3 will automatically retire Judge Bernstein because he "shall have attained the age of seventy years."

23.    As a result of forced retirement, Judge Bernstein will lose his primary source of income, his eligibility to participate in Maryland's judicial benefit plans, and his position on the Circuit Court of Maryland for Baltimore City.

COUNT I
FEDERAL CONSTITUTION:
<u>FOURTEENTH AMENDMENT EQUAL PROTECTION VIOLATION</u>
(Declaratory Judgment Pursuant to 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 1983)

24.    Plaintiff incorporates paragraphs 1 through 23 as if fully set forth herein.

25.    Md. Const. Art. IV, § 3 violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

26.    Md. Const. Art. IV, § 3 creates a distinction based on age. It automatically retires any judge who begins his or her 15-year term after turning 55, but before turning 70 because he or she will "attain[] the age of seventy" before that judge's term naturally expires. On the other hand, judges who are elected, or, arguably, appointed, to the bench after the age of 70 will not be automatically retired, because they will never "attain[] the age of seventy" while on the bench. Thus, the two groups—(a) judges aged 55 to 69 years old upon being elected to a 15-year term; and (b) judges over 70 years old upon being elected or appointed—are treated differently under Md. Const. Art. IV, § 3.

27.    Under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, a distinction based on age is invalid unless it relates rationally to a legitimate government interest.

7

28. The government's interest in automatically retiring judges is in preserving a vigorous judiciary by removing the oldest and, under the government's presumption, least vigorous judges.

29. Md. Const. Art. IV, § 3 does not relate rationally to the government's interest in a vigorous judiciary. The application of the provision does not serve to preserve a vigorous judiciary because one group (older judges who begin their terms after the age of 70) are not automatically retired by the provision, while a presumptively more vigorous group (younger judges who begin their terms after the age of 55 but before the age of 70) are automatically retired. This distinction does not relate rationally to preserving a vigorous judiciary because it automatically retires presumptively more vigorous judges while allowing for the election, appointment and subsequent retention of presumptively less vigorous judges.

30. Md. Const. Art. IV, § 3 does not relate rationally to the government's interest in a vigorous judiciary for the additional reason that it does not prevent the Chief Judge of the Court of Appeals from specially assigning judges over the age of 70 to sit on a court. Instead of being permanently retired by Md. Const. Art. IV, § 3, a judge may be specially assigned at any age pursuant to Md. Const. Art. IV, § 3A. Judges who reach the age of 70 while on the bench are retired, while specially assigned judges over the age of 70 (who are presumptively less vigorous because they are older) are allowed to continue serving without Md. Const. Art. IV, § 3 affecting them.

31.     Judge Bernstein is a member of the adversely affected class. As a judge who was elected to a 15-year term at the age of 68, he will "attain[] the age of seventy" almost 14 years before the natural expiration of his term. Unlike judges who are elected or appointed after they turn 70 years old, and judges who are specially assigned after the age of 70, Md. Const. Art IV, § 3 will automatically retire Judge Bernstein.

WHEREFORE, Judge Bernstein requests that this Court enter a judgment, declaring that:

    A.    Md. Const. Art. IV, § 3 violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

    B.    Any action taken by any defendant or their agents to enforce Md. Const. Art. IV, § 3 against Judge Bernstein to effect his removal from judicial office would be an unconstitutional application of Md. Const. Art. IV, § 3;

    C.    Any action taken by any defendant or their agents to prevent Judge Bernstein's participation in any benefit plan he currently participates in, including, but not limited to, retirement plans and health plans, before the natural expiration of his term on November 4, 2023 would be a violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution;

    D.    Judge Bernstein is entitled to an award of the costs of this action, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988(b); and

  E. Judge Bernstein is entitled to such other and further relief as this Court may deem just and proper upon the adjudication of the merits of this action.

## COUNT II
## FEDERAL CONSTITUTION:
## FOURTEENTH AMENDMENT EQUAL PROTECTION VIOLATION
(Injunctive Relief Pursuant to 42 U.S.C. § 1983)

32. Plaintiff incorporates paragraphs 1 through 31 as if fully set forth herein.

33. Md. Const. Art. IV, § 3 violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution because it does not relate rationally to the government's interest in a vigorous judiciary.

34. As a member of the adversely affected class, Judge Bernstein will be deprived of his right to Equal Protection under the law on December 29, 2009 when Md. Const. Art IV, § 3 automatically retires him upon "attaining the age of seventy."

WHEREFORE, Judge Bernstein requests that this Court enter a judgment, declaring that:

  A. Each defendant and their agents are enjoined from enforcing Md. Const. Art. IV, § 3 to effect Judge Bernstein's removal from judicial office;

  B. Each defendant and their agents are enjoined from preventing Judge Bernstein's participation in any benefit plan that he currently participates in, including, but not limited to, retirement plans and health plans, before the natural expiration of his term on November 4, 2023;

  C. Judge Bernstein is entitled to an award of the costs of this action, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988(b); and

  D. Judge Bernstein is entitled to such other and further relief as this Court may deem just and proper upon the adjudication of the merits of this action.

*/s/ Andrew Jay Graham*
Andrew Jay Graham (Federal Bar No. 00080)
Philip M. Andrews (Federal Bar No. 00078)
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202
(410) 752-6030 – Telephone
(410) 539-1269 – Facsimile
AGraham@kg-law.com
PAndrews@kg-law.com

*Michael Schatzow by PMA, w/ authority*
Michael Schatzow (Federal Bar No. 00252)
Venable LLP
750 East Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 244-7592 – Telephone
(410) 244-7742 – Facsimile
MSchatzow@venable.com

11

_____ *by PMS, w/ authority*
Cyril V. Smith (Federal Bar No. 00332)
Zuckerman Spaeder LLP
100 East Pratt Street, Suite 2440
Baltimore, Maryland 21202
(410) 949-1145 – Telephone
(410) 659-0436 – Facsimile
CSmith@zuckerman.com

*Attorneys for Plaintiff*
*the Honorable Charles G. Bernstein*

12