IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THE HONORABLE CHARLES G. BERNSTEIN, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL NO. L-09-2915 |
| | : | |
| THE STATE OF MARYLAND, *et al.*, | : | |
| Defendants. | : | |

# MEMORANDUM

Plaintiff, the Honorable Charles G. Bernstein ("Judge Bernstein") filed the instant action against the State of Maryland, Governor Martin O'Malley, and the Maryland General Assembly (collectively, "the State"). He seeks a judgment declaring that the State's mandatory retirement scheme for judges violates the Equal Protection Clause of the U.S. Constitution. Judge Bernstein also seeks a preliminary and permanent injunction prohibiting state officials from requiring him to retire from his office as an Associate Judge of the Circuit Court of Maryland for Baltimore City when he turns 70 on December 27, 2009. The State moved to dismiss on November 20, 2009.

The motions have been fully briefed, and the Court held a hearing on Tuesday, November 24, 2009. For the reasons set forth herein, the Court will, in a separate order filed today, **DENY** Judge Bernstein's motion for a preliminary injunction and **STAY** the State's motion to dismiss pending a response from the Court of Appeals of Maryland.

1

The parties dispute the meaning of several provisions in the Maryland Constitution. The correct interpretation of these provisions is central to this case. In order to obtain a definitive interpretation, this Court will certify two questions to the Maryland Court of Appeals.

At the outset, it bears mentioning that this case does not involve a plenary challenge to mandatory retirement ages for state judges. The Age Discrimination in Employment Act 29 U.S.C. §621 does not apply to state judicial officers. See Gregory v. Ashcroft, 501 U.S. 452 (1991). Moreover, in Gregory, the Supreme Court upheld the constitutionality of a provision of the Missouri Constitution requiring judges to retire upon reaching 70.[1]

Judge Bernstein raises a narrower issue involving equal protection. He contends that the Maryland Constitution impermissibly creates two classes of judges age 70 or older. According to his interpretation, those judges who reach age 70 while in office must retire. Individuals who run for office after reaching age 70 need not retire, however, and they may serve their full fifteen year term. Judge Bernstein maintains that these classifications run afoul of the Equal Protection Clause because they are arbitrary, capricious, and unsupported by any rational basis.

The State disagrees with this interpretation. It reads the Constitution as (i) requiring a sitting judge to retire upon reaching 70, (ii) prohibiting the Governor from appointing a 70 year old to the bench, and (iii) prohibiting a person age 70 or older from running for a judicial office. Accordingly, the State contends that the Maryland Constitution, read correctly, treats all individuals age 70 and above equally.

There is no Maryland case interpreting the disputed provisions of Maryland law. Because of the importance of the issues presented, this Court considers it appropriate to request a definitive interpretation of the Maryland Constitution from the Court of Appeals. Hence, the

---

[1] When reviewing age limitations for judicial officers, courts around the country have articulated a variety of legitimate state interests. Among them are weeding out the infirm, ensuring a flow of new talent and energy into the judicial ranks, and upholding high competency for judges. See Gregory, 501 U.S. at 472.

Court will stay the case until the Court of Appeals has had an opportunity to respond to the certified questions.

## I.     Maryland Constitutional Sections

The controversy encompasses four provisions of the Maryland Constitution. They are as follows:

Section 2, which states the qualifications required to become a Maryland judge. These qualifications include a minimum age of 30 but no maximum age.

Section 3, which articulates rules governing the appointment and election of judges to several of the Maryland benches:

> Each of the said Judges shall hold his office for the term of fifteen years from the time of his election, and until his successor is elected and qualified, or until he shall have attained the age of seventy years, whichever may first happen, and be re-eligible thereto until he shall have attained the age of seventy years, and not after.

Section 3A, which enables, with certain limitations, the Chief Judge of the Court of Appeals to recall a retired judge (including those 70 or over) to sit temporarily in any court of the state:

> (a) (1) Except as provided in paragraph (2) of this subsection, any former judge, except a former judge of the Orphans' Court, may be assigned by the Chief Judge of the Court of Appeals, upon approval of a majority of the court, to sit temporarily in any court of this State, except an Orphans' Court, as provided by law.
>
> (2)(i) a retired judge of the Circuit Court for Montgomery County that sits as the Orphans' Court for Montgomery County may be assigned by the Chief Judge of the Court of Appeals, upon approval of a majority of the Court of Appeals, to do an act that a judge of the Orphans' Court for Montgomery County is authorized to perform.
>
> (ii) a retired judge of the Circuit Court for Harford County that sits as the Orphans' Court for Harford County may be assigned by the Chief Judge of the Court of Appeals, upon approval of a majority of the Court of Appeals, to

>do an act that a judge of the Orphans' Court for Harford County is authorized to perform.
>
>(b) The provisions of this section apply, not withstanding provisions appearing elsewhere in this Article pertaining to retirement of judges upon attaining age 70

Section 5, which explains the Governor's judicial appointment power:

>Except in case of reappointment of a judge upon expiration of his term of fifteen years, no person shall be appointed who will become disqualified by reason of age and thereby unable to continue to hold office until the prescribed time when his successor would have been elected.

Parsing these sections, Judge Bernstein argues that a judge who reaches age 70 while in office must retire. A person who is 70 or over may, however, run for election and, if successful, serve out his full fifteen year term. This classification, he maintains, violates the Equal Protection Clause of the U.S. Constitution. As mentioned, the State disputes Judge Bernstein's reading of the Maryland Constitution, and the Maryland Court of Appeals will have the last word on this subject.

Judge Bernstein raises a separate equal protection argument that centers on Section 3A of the Maryland Constitution. This is the section that empowers the Chief Judge of the Court of Appeals to recall a former judge to sit temporarily on a court of the State. He contends that this provision illegally treats judges retired due to their age differently because some may be recalled while others are not. The provision also demonstrates that not all over-70 judges are, as the Maryland Constitution presumes, unfit for service.

## II.     Preliminary Injunction

### a.  Standard

"A preliminary injunction is an extraordinary remedy afforded prior to trial at the discretion of the district court that grants relief *pendent lite* of the type available after the trial." The Real Truth About Obama, Inc. v. Federal Election Commission, Case No. 08-1977, slip opinion, (4th Circuit, August 5, 2009) (hereinafter "The Real Truth").  In The Real Truth, the Fourth Circuit Court quoted the preliminary injunction standard from Winter v. NRDC, saying that to obtain a preliminary injunction, the plaintiff must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Real Truth, quoting Winter v. NRDC, 2008 U.S. LEXIS 8343 (November 12, 2008).

The old Blackwelder test was variable; as the showing of irreparable harm increased, the required showing of a likelihood of success on the merits decreased.  Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co., 550 F.2d 189 (4th Cir. 1977).   The new standard is more demanding as the plaintiff must, regardless of the degree of harm he faces, always prove that he will likely succeed on the merits and that the other two factors favor him.

 **b. Merits**

The Court will deny the motion for a preliminary injunction because Judge Bernstein is unlikely to succeed on the merits on his principal claim.  The meaning of the relevant sections of the constitution is not free from doubt.  Nevertheless, the Court, having parsed the sections, concludes that the State's interpretation, that no judge may sit as an active judge after 70, is likely to be ratified by the Court of Appeals.  Moreover, Judge Bernstein has failed to show irreparable harm.  The State has conceded that if Judge Bernstein must leave office upon turning 70 but subsequently prevails, he will be reinstated with full back pay and benefits.  While he

would be deprived of his office for a time, he would be made whole financially.  Moreover, while the suit is pending, he may be recalled, which would mitigate his harm even further.

The Court is also persuaded that Judge Bernstein's challenge to the recall process is unlikely to succeed.  As mentioned, under Section 3A, the Chief Judge of the Maryland Court of Appeals may recall a retired judge to sit temporarily on a State court.  A majority of the seven-member Court of Appeals and the receiving court must approve the recall.  Furthermore, the appointment is temporary and no recalled judge may serve more than 180 days in any calendar year.  The meaning of Section 3A is not in dispute, and this Court need not await clarification from the Court of Appeals before ruling.

When a provision of state law is subject to an equal protection challenge in Federal Court, and the provision, as here, does not involve a suspect classification, "the State need [] assert only a rational basis for its age classification."  Gregory, 501 U.S. 470.  "In cases where a classification burdens neither a suspect group nor a fundamental interest, courts are quite reluctant to overturn governmental action on the ground that it denies equal protection of the laws."  Id. at 471 (internal quotations omitted).  The rational basis may be any reasonable basis that the State articulates.

Section 3A clearly meets the test.  The prime reason for an upper age limit is to weed out judges who are reaching a time when the degradations of age are taking a physical and mental toll.  Not all people age at the same rate, however.  Some people are capable of working at a high level well into their 80s.  Others are not.  Rule 3A has built in safety checks because all the members of the Court of Appeals and the receiving court must approve the recall.  This process will ensure that the recalled judge, though past 70, is still physically and mentally qualified to serve in a demanding and important post.   Moreover, the recalled judge serves only

temporarily, so that the demands placed on them are not as great as those placed on full-time judges. Accordingly, this Court will, when the case resumes, grant the State's motion to dismiss Judge Bernstein's challenge to Section 3A.

Accordingly, is a separate order, the Court will DENY Judge Bernstein's motion for a preliminary injunction and STAY the case pending receipt of the Court of Appeals' answers to the following Certified Questions:

1. Does the Maryland Constitution (i) require a sitting judge to retire upon reaching 70, (ii) prohibit the Governor from appointing a 70 year old to the bench, and (iii) prohibit a person 70 or older from running for a judicial office?

2. Conversely, does the Maryland Constitution permit individuals 70 or older to run for a judicial office and, if elected, to serve out their entire terms?

Dated this 15th day of December, 2009             _____/s/_____

                                                                                  Benson Everett Legg

                                                                                  Chief Judge