IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THE HONORABLE CHARLES G.
BERNSTEIN,
:
      Plaintiff
:
v.                                             Civil Case No. L-09-2915
:
THE STATE OF MARYLAND, et al.,
:
      Defendants
:

o0o
**MEMORANDUM**

     Plaintiff, the Honorable Charles G. Bernstein ("Judge Bernstein") filed the instant action against the State of Maryland, Governor Martin O'Malley, and the Maryland General Assembly (collectively "the State"). He seeks a judgment declaring that the State's mandatory retirement scheme for judges violates the Equal Protection Clause of the U.S. Constitution.[1] Now pending is the State's Motion to Dismiss. Docket No. 15. The Court received full briefing on the State's Motion and Judge Bernstein's Motion for a Preliminary Injunction, which sought to prevent the State from removing Judge Bernstein from office upon his seventieth birthday. Following a hearing on November 24, 2009, the Court denied the Preliminary Injunction, stayed the case, and certified two pivotal questions of state law to the Maryland Court of Appeals. Docket No. 18.

---

[1] Judge Bernstein also requested injunctive relief to prohibit state officials from requiring him to retire from his office as an Associate Judge of the Circuit Court for Baltimore City when he turned seventy on December 29, 2009. Docket Nos. 1 and 2. The Court denied Judge Bernstein's Motion for a Preliminary Injunction on December 15, 2009. Docket No. 19. Judge Bernstein retired from the Circuit Court on December 28, 2009. Therefore, his prayer for a permanent injunction is now moot.

1

The Court of Appeals has now resolved these questions. For the reasons set forth herein, the Court will, by separate order, **GRANT** the Motion to Dismiss.

### I.   BACKGROUND

On October 10, 2006, Charles G. Bernstein was appointed by then-Governor Robert L. Ehrlich as an Associate Judge of the Circuit Court for Baltimore City. After standing for election as required by article IV, section 3 of the Maryland Constitution, Judge Bernstein won a fifteen-year term on November 4, 2008. When he turned seventy just over a year later on December 29, 2009, however, Judge Bernstein was forced to retire, again according to constitutional mandate.

### II.   ANALYSIS

At this heart of this case are two differing interpretations of Maryland's mandatory retirement scheme for judges. The controversy as it now exists involves at least three provisions of article IV of the Maryland Constitution. They are as follows:

Section 2, which sets forth the qualifications required for becoming a Maryland judge. These qualifications include a minimum age of thirty but no maximum age.

Section 3, which articulates rules governing the appointment and election of judges to several of the Maryland benches:

> Each of the said Judges shall hold his office for the term of fifteen years from the time of his election, and until his successor is elected and qualified, or until he shall have attained the age of seventy years, whichever may first happen, and be re-eligible thereto until he shall have attained the age of seventy years, and not after.

Section 5, which explains the Governor's judicial appointment power:

>Except in case of reappointment of a judge upon expiration of his term of fifteen years, no person shall be appointed who will become disqualified by reason of age and thereby unable to continue to hold office until the prescribed time when his successor would have been elected.

Judge Bernstein contends that the provisions above impermissibly create two classes of judges, both comprised of persons age seventy or older. According to his interpretation, judges who reach the age of seventy while in office must retire. Individuals who run for office after turning seventy, however, need not retire and may serve a full fifteen-year term. Judge Bernstein maintains that these classifications run afoul of the Equal Protection Clause of the U.S. Constitution because they are arbitrary, capricious, and unsupported by any rational basis.[2]

The State disagrees with Judge Bernstein's interpretation of the applicable provisions. It asserts that the scheme (i) requires a sitting judge to retire upon reaching the age of seventy, (ii) prohibits the Governor from appointing persons who are seventy and above to the bench, and (iii) prohibits persons who are seventy and above from running for a judicial office. Accordingly, the State contends that the Maryland Constitution, read correctly, treats equally all individuals who are seventy or older.

Because there is no Maryland case construing the disputed constitutional provisions, the Court requested a definitive interpretation from the Maryland Court of Appeals. Docket No. 20; Md. Code Ann., Cts. & Jud. Proc., § 12-603 (providing a mechanism by which federal courts may seek advice from the Maryland Court of Appeals by certifying questions of state law "if the answer may be determinative of an issue in pending litigation in the certifying court and there is

---

[2] Judge Bernstein has also raised a separate equal protection argument centering on article IV, section 3A of the Maryland Constitution. Subject to certain limitations, this section empowers the Chief Judge of the Court of Appeals to recall a retired judge (including those who are seventy or older) to sit temporarily on any court of the State. For the reasons set forth in its December 15, 2009 Memorandum, the Court now **GRANTS** the State's Motion to Dismiss Judge Bernstein's challenge to section 3A. See Docket No. 18.

no controlling appellate decision, constitutional provision, or statute"). Specifically, the Court certified two questions:

1. Does the Maryland Constitution (i) require a sitting judge to retire upon reaching seventy, (ii) prohibit the Governor from appointing a seventy-year-old to the bench, and (iii) prohibit a person seventy or older from running for a judicial office?

2. Conversely, does the Maryland Constitution permit individuals seventy or older to run for a judicial office and, if elected, to serve out their entire terms?

On September 22, 2011, the Court of Appeals issued an opinion answering these questions. Bernstein v. State of Maryland, et al., Misc. No. 1, 2011 WL 4389138 (Md. Sept. 22, 2011). Performing a textual analysis of section 3 as it fits within the state's judicial retirement scheme, the Court of Appeals concluded that the Constitution "precludes the retention, appointment or election of a person over the age of seventy as a circuit court judge in Maryland." Id. at *3. To hold otherwise, the court reasoned, would render other sections of article IV meaningless. See, e.g., id. at *11 ("To forward his federal claim that Maryland's mandatory retirement provision is irrational, Judge Bernstein invites us to engage in a plain meaning construction that renders multiple parts of Maryland's constitutional structure for appointing and removing judges nonsensical. We decline this invitation.").

Having concluded that section 3 is unambiguous in preventing anyone age seventy or above from serving as a Maryland judge, the Court of Appeals nevertheless turned to constitutional debates from 1851, 1864, and 1867. See id. at *11–15. The court found that section 3, read in the larger context of article IV, "was intended to exclude persons over the age of seventy from judicial office, either by appointment or the elective process." Id. at *12. Finally, the court noted that the State's reading of section 3 conforms with "long-standing

practice and policy rationales" underlying the retirement scheme.  Id. at *16.  In sum, the Court of Appeals responded to the two Certified Questions as follows:

1. The Maryland Constitution (i) requires a sitting judge to retire upon reaching age seventy, (ii) prohibits the Governor from appointing a person seventy years of age, or older, to the bench, and (iii) prohibits a person seventy years of age, or older, from running for a judicial office.

2. Conversely, the Maryland Constitution does *not* permit a person seventy years of age, or older, to run for a judicial office and, if elected, to serve out the entire term.

Id. at *17.

The Court of Appeals's interpretation is dispositive.  Because the court has concluded that the Maryland Constitution's retirement scheme applies equally to all judges, current and prospective, Judge Bernstein's equal protection claim cannot stand.  It is, therefore, dismissed.

### I.    CONCLUSION

For the foregoing reasons, the Court will, by separate Order of even date, **GRANT** the State's Motion to Dismiss.  Docket No. 15.

Dated this 24th day of October, 2011

/s/
_____
Benson Everett Legg
United States District Judge